Matter of R.F. (Robert F.) (2024 NY Slip Op 04904)

Matter of R.F. (Robert F.)

2024 NY Slip Op 04904

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Webber, J.P., Moulton, Scarpulla, Rodriguez, Pitt-Burke, JJ. 

Docket No. B-00561/15 Appeal No. 2729 Case No. 2023-03646 

[*1]In the Matter of R.F., A Child Under Eighteen Years of Age, etc., Robert F. Respondent-Appellant, Heartshare St. Vincent's Services, Petitioner-Respondent.

Wilmer Cutler Pickering Hale and Dorr LLP, New York (Anna Mizzi of counsel), and The Bronx Defenders, Bronx (Saul Zipkin of counsel), for appellant.
Geoffrey P. Berman, PC, Larchmont (Geoffrey P. Berman of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the child.

Order, Family Court, Bronx County (Ashley B. Black, J.), entered on or about June 29, 2023, which, upon a finding that respondent father is intellectually disabled, as defined by Social Services Law § 384-b, terminated his parental rights to the subject child for the purpose of freeing the child for adoption, unanimously affirmed, without costs.
The court's finding that the father's intellectual disability left him unable to care for the child properly and adequately, presently and for the foreseeable future, was supported by clear and convincing evidence (see Social Services Law § 384-b[4][c]; Matter of Noel R. [LaQueenia S.], 167 AD3d 553 [1st Dept 2018], lv denied 32 NY3d 918 [2019]). The court-appointed psychologist who evaluated the father concluded that his intellectual functioning was sub-average, originating in the developmental period, and he has associated impairments in adaptive functioning such that the child, if returned to his care, now or in the foreseeable future would be at risk of neglect. Moreover, the services and interventions the father had received failed to improve his parenting abilities, and available interventions would not make a difference in terms of his ability to independently care for the child (see Matter of Noel R., 167 AD3d 553).
Although the court-appointed expert did not conduct a parent-child observation, his interviews and testing of the father, as well as his review of the relevant records and evaluations, were sufficient to draw his conclusions with a reasonable degree of professional certainty (see Matter of J.C. [Joycelyn L.], 221 AD3d 561, 562 [1st Dept 2023], lv denied 41 NY3d 903 [2024]). Moreover, the court did not rely solely on the father's IQ in making its determination, as the testimony showed that the father also lacked the adaptive functioning, intellectual functioning, and cognitive functioning sufficient to parent the child.
The father failed to present evidence to contradict these findings (see Matter of Faith D.A. [Natasha A.], 99 AD3d 641 [1st Dept 2012]). His expert conducted a peer review of the court-appointed expert's evaluation, but offered no independent assessment. Moreover, the court credited the testimony of the court-appointed expert over the father's expert, who failed to disclose prior involvement with the father's case,
and its credibility determination is entitled to deference (see Matter of Paulidia Antonis R. [Lidia R.], 93 AD3d 502 [1st Dept 2012]).
We have considered the father's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024